UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61244-CIV-ZLOCH

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                **O R D E R**

DAWN HAMILTON a/k/a DAWN NAGY,

    Defendant.
_____/

    THIS MATTER is before the Court upon Plaintiff United States of America's Motion For Summary Judgment (DE 10). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiff initiated the above-styled cause to recover principal and interest owing on student loans taken out by Defendant but not repaid. By her Answer (DE 4), Defendant admits to borrowing funds for student loans but avers that they have been repaid. Plaintiff then filed the instant Motion For Summary Judgment (DE 10) seeking to reduce the unpaid amounts to judgment. Defendant has not responded within the time prescribed by law. For the reasons expressed more fully below, the Court finds that no genuine issue of material fact remains and that Plaintiff is entitled to judgment as a matter of law.

## I. Background

    Defendant executed a promissory note securing a student loan in the amount of $2,000. DE 10, Ex. 1. Therein, Defendant promised to repay the loan principle plus interest to the order of her lender. Id. She defaulted on the loan and it was purchased by

Plaintiff as guarantor. DE 10, Ex. 2. After several unsuccessful efforts to collect the unpaid balance on the loan, Plaintiff initiated this action. As of October 22, 2008, the balance owning on the loan was $4,371.85.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quotation omitted). Indeed,

> the moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment.

Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991); Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an

2

essential element of the case to which the non-moving party has the burden of proof.  Celotex Corp., 477 U.S. at 322; Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987).  Further, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### III. Analysis

Defendant is indebted to Plaintiff in the amount of $4,371.85 as of October 22, 2008.  She is obligated to repay this amount by the terms of the promissory note executed by her but has not done so.  The Court finds that no genuine issue of material fact remains and Plaintiff is entitled to judgment as a matter of law.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff United States of America's Motion For Summary Judgment (DE 10) be and the same is hereby **GRANTED**; and

2. Final Judgment will be entered by separate Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   28th   day of January, 2009.

/s/ William J. Zloch
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

Dawn Hamilton, pro se
8820 NW 80th Drive
Tamarac, FL 33321